FILED

11/23/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0533

**SYNOPSIS OF THE CASE**

**2021 MT 300**, **DA 19-0533: NATIONAL INDEMNITY COMPANY,** Plaintiff and Appellant, v. **STATE OF MONTANA,** Defendant and Appellee, and **TERRY JELLESED, et al**., Intervenors.[1]

The Montana Supreme Court affirmed a District Court's ruling that the State of Montana is covered by an insurance policy it had with National Indemnity Company (National) for claims made against the State for injury and death resulting from asbestos exposure in Libby, Montana. The Court also upheld the District Court's ruling that National breached its duty to defend the State against the injury claims. Although the Court upheld the District Court's rulings that led to entry of a $97,833,193.39 judgment against National, the Court reversed the District Court's rulings regarding qualifying "occurrences" under the policy, and regarding coverage for claimants who were exposed to asbestos prior to the period covered by the policy, but suffered injury during that period. The Court remanded for further consideration of these issues.

This insurance coverage case follows nearly two decades of litigation between the State and claimants who alleged they were harmed by the State's failure to warn them of the hazards of asbestos exposure that became evident from the State's inspections over many years of the vermiculite mining and milling operations in Libby. National insured the State against general liability from 1973–1975. Beginning in 2000, claims alleging injuries and death from asbestos exposure that occurred before, during, and after that period were made against the State. The State and National initiated discussions regarding the duties of National to defend the State against the claims and to provide coverage under the policy, but no agreement on these issues was finalized. During this time, the State defended itself and settled claims, including a global settlement of claims in 2009 for payment of $43 million. National participated in that settlement but filed this action in 2012, seeking determinations that it had no obligation to defend the State or to cover the claims.

The Supreme Court held that the State did not initially tender the claims to National for defense, but when it ultimately did so in 2005, National breached its duty to defend by offering to defend the State only on a partial, or pro rata, basis. After eventually agreeing to fully defend the State in 2006, subject to a reservation of rights, National delayed seeking a judicial declaration about its coverage obligations for six additional years, requiring the State to "litigate and settle cases in coverage darkness," which the Supreme Court held was

---

[1] This synopsis has been prepared for the convenience of the reader. It constitutes no part of the Opinion of the Court and may not be cited as precedent.

a second breach of the National's duty to defend the State.  These breaches resulted in the imposition upon National of the defense costs and judgments paid by the State for the affected claims, without regard to possible coverage issues.

The Court affirmed the District Court's conclusion that coverage for the State existed under the policy and that the policy's coverage exclusions did not apply.  The Court disagreed, however, with the District Court's determination of the number of "occurrences" eligible for coverage under the policy, concluding that each of the State's regulatory failures to warn could constitute an individual "occurrence" under the policy, but not each claimant's individual injury.  The Supreme Court remanded the matter for further factual findings on these issues.  The Court held the District Court erred by holding that only claimants exposed during the policy period could qualify for coverage, given the nature of asbestos injuries that can manifest over time. The Supreme Court also remanded this issue back to the District Court for additional factual findings regarding injuries sustained during the policy period from exposure that occurred prior to the policy period.

The Supreme Court affirmed the District Court's assessment of  prejudgment interest on the amounts paid by the State to settle the claims, and rejected National's argument that these proceedings had violated its rights to due process and the constitutional prohibition against impairment of contracts.

Judge Colette Davies, sitting for Justice Beth Baker, who recused herself from the case, and joined by Justice Ingrid Gustafson, concurred in the Supreme Court's decision given the extraordinary circumstances of this case, but stated the position that, in ordinary circumstances, and absent express contractual authority, an insurer cannot pursue reimbursement of defense costs, and that a defense conditioned upon such a claim would be a breach of the duty to defend.  Justice Laurie McKinnon dissented from the decision, reasoning that National did not breach its duty to defend the State, and that the State was not eligible for coverage under the policy because the claims were based upon the State's knowing and intentional conduct, which is excluded from coverage under the policy.